People v Gardner (2021 NY Slip Op 02117)





People v Gardner


2021 NY Slip Op 02117


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Shulman, JJ. 


Ind No. 133/18 Appeal No. 13526 Case No. 2019-03759 

[*1]The People of the State of New York, Respondent,
v
Simone Gardner, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Emma L. Shreefter of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jared Wolkowitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered May 20, 2019, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree (two counts), and sentencing her to concurrent terms of eight years, unanimously modified, as an exercise of discretion in the interest of justice, to the extent of reducing the prison component of the sentence to concurrent terms of seven years, and otherwise affirmed.
Although defendant was not charged with assault, the court providently exercised its discretion in admitting a shooting victim's testimony that, in the incident forming the basis of the weapon possession charge, she was struck by a bullet and went to the hospital. In this case where defendant's pistol was recovered weeks later in a place where defendant had been lodging, evidence of the shooting was directly probative of various elements of the charged crime of second-degree weapon possession. This evidence tended to show that, at the time defendant was charged with possessing it, the pistol was loaded and operable and defendant intended to use it unlawfully against another. The victim's testimony was not inflammatory, and its probative value outweighed any potential prejudice, which was minimized by the court's limiting instruction.
As the People concede, a text message from defendant's phone that predated the charged crime by several months and referred to an unrelated firearm should not have been admitted. However, we find that the error was harmless in light of the overwhelming evidence of defendant's guilt (see People v Crimmins , 36 NY2d 230 [1975]).
Defendant failed to preserve her challenge to the court's response to a note from the deliberating jury, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. As the court and the parties recognized, the jury did not state that it was deadlocked or ask whether it had deliberated long enough to be considered a hung jury. The court provided a meaningful response that was not coercive in any respect.
We find the sentence excessive to the extent indicated.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021